NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| URMI RAHMAN, | No. 18-71448 |
| Petitioner, | Agency No. A075-708-640 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Urmi Rahman, a native and citizen of Bangladesh, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the BIA's denial of a motion to reopen. *Bonilla v. Lynch*,

840 F.3d 575, 581 (9th Cir. 2016). We deny in part and dismiss in part the petition

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for review.

The BIA did not abuse its discretion in denying Rahman's motion to reopen. As to her fear of harm based on her family and her father's political activities, Rahman has not established material changed country conditions in Bangladesh to qualify for the regulatory exception to the filing deadline, and her motion was filed more than four years after her order of removal became final. *See* 8 C.F.R. § 1003.2(c)(2), (3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 987-90 (9th Cir. 2010) (evidence must be "qualitatively different" to warrant reopening). As to her fear of harm from ISIS, Rahman has not established prima facie eligibility for relief, where she is ineligible for asylum because the agency previously found she was firmly resettled in Sweden and has not shown it is more likely than not that she would be individually targeted for future persecution or torture. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to establish prima facie eligibility for the relief sought); 8 U.S.C. § 1158(b)(2)(A)(vi) (an applicant may not be granted asylum if she "was firmly resettled in another country prior to arriving in the United States").

Rahman's contentions regarding cancellation of removal were not exhausted in her motion to reopen. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (generally requiring exhaustion of claims). To the extent she challenges this court's April 2017 dismissal of her prior petition for review, her contentions are

not properly before the court. *See* Fed. R. App. P. 40(a)(1) (petition for panel rehearing must be filed within 45 days after entry of judgment).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 24) is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

18-71448